

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JESUS ZAMBRANA, | ) | CASE NO. 4:06 CV 0337 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN, T.R. SNEZEIK, | ) | |
| | ) | |
| Respondent. | ) | |

On February 13, 2006, pro se petitioner Jesus Zambrana filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Zambrana, who is incarcerated at the Federal Correctional Institution in Lisbon, Ohio (F.C.I. Elkton), brings this action against the warden at F.C.I. Elkton He seeks an emergency petition from this court for his immediate release.

Mr. Zambrana alleges that on December 8, 2003, the Inmate Management System of F.C.I. Elkton lodged a detainer on behalf of the Marshal Service for the United States District Court for the Southern District of Indiana. The detainer notice indicated that the United Marshal "shall be notified 60 days ahead of time when Petitioner's release date would be and they were." (Pet. at 1.)

He complains that the United States Marshals have yet to remove him from prison, even though his federal sentence expired on January 30, 2006. He asserts that his continued confinement is a violation of his right to due process.

It is well established that federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. See Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir.1992); Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991); Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981). Here, Mr. Zambana's sole complaint rests on his assertion that he has served his term of imprisonment and should now be released. If he believe he is still in the custody of the Bureau of Prisons (BOP), he must avail himself of the BOP's administrative exhaustion procedures. See 28 C.F.R. § 542.10. If he is otherwise challenging the execution of a parole violator warrant by the United States Parole Commission, this court requires a showing of prejudice caused by the erroneous action of the parole authorities before habeas relief is considered warranted. See Goodman v. Keohane, 663 F.2d 1044, 1046 (11th Cir. 1981); Northington v. U.S. Parole Commission, 587 F.2d 2 (6th Cir. 1978); Smith v. United States, 577 F.2d 1025, 1029 (5th Cir. 1978).

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*[signature]* 4/7/06
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE